# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:15-CR-00018-03** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **RAFAEL VELASCO (03)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion for Compassionate Release Under the First Step Act" (Doc. #139) wherein Defendant Rafael Velasco moves for early release due to certain medical conditions he alleges makes him particularly vulnerable to becoming seriously ill should he contract COVID-19 in prison.

The Government opposes the motion because the Bureau of Prisons medical records reflect that Velasco has been fully vaccinated against COVID-19, and Velasco has not established an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A). Additionally, the Government maintains that the 18 U.S.C. § 3553(a) factors weigh against any reduction in sentence in this case.

## INTRODUCTION

In February 2015, Velasco was charged with committing an assault resulting in serious bodily harm;[1] In May 2015, a superseding indictment was filed charging Velasco with committing an assault resulting in serious bodily injury. Velasco plead "not guilty"

---

[1] PSR, ¶ 1.

to both the original indictment and the superseding indictment.[2] Thereafter, on October 22, 2015, Velasco plead guilty to Count 1 of a one-count bill of Information which charged him with committing a misprision of a felony.[3] On March 24, 2016, Velasco was sentenced to serve a term of imprisonment of 36 months, to run consecutive to any undischarged term of imprisonment.[4] Velasco committed this offense while incarcerated at FCC Oakdale.[5]

Specifically, on October 8, 2014, Defendant and two other inmates assaulted a fourth inmate in the presence of numerous other inmates, while in the Vernon One Unit of FCC Oakdale. The assault included stomping the other inmate, beating and stomping him on the head and face which resulted in the inmate receiving serious injuries, including numerous facial fractures, multiple bruises, contusions, and lacerations to the face and head.[6]

When Velasco committed the offense, he was serving a 168-month sentence for conspiracy to distribute and possess with intent to distribute methamphetamine.[7] The investigation revealed that Defendant was affiliated with the Nuestra Familia prison/street gang. Velasco also had two other narcotics-related convictions for transporting methamphetamine[8] and possession of a controlled substance.[9]

---

[2] PSR, ¶ ¶ 2 and 4.
[3] Doc. 84; PSR ¶ 5.
[4] Docs. 106 and 116.
[5] Doc. 85-2.
[6] Id.
[7] PSR, ¶ 34.
[8] PSR, ¶ 32.
[9] PSR, ¶ 33.

## LAW AND ANALYSIS

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010). Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the

Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement."[10] U.S.S.G. § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

---

[10] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 35829c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[11] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

The district courts have concluded that general health concerns and a fear of the COVID pandemic are insufficient grounds to establish the extraordinary and compelling reasons to reduce a sentence. See e.g. *United States v. Koons,* 2020 WL 1940570, at *5 (W.D. La. Apr. 21, 2020); *United States v. Wright,* 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020); *United States v. Marco Perez-Serrando,* 2020 WL 1557397, *4 (M.D. La. Apr. 1, 2020).

Velasco complains that he suffers from bulging discs in his cervical spine along with a syrinx which ailments arise to the level of a "neurological condition." Velasco's

---

[11] Available at https://www.bop.gov/policy/progstat/5050_50EN.pdf .

medical records reveal the presence of "small" disc bulges at C4/5 and C5/6 along with a partially visualized syrinx at the upper thoracic spine. The records also show that he has received both doses of the Moderna COVID-19 vaccine.

The Court finds that Velasco has failed to show extraordinary and compelling reasons for this Court to modify his term(s) of imprisonment under 18 .S.C. § 3582(c)(1)(A). Furthermore, Velasco has failed to show that the BOP is incapable of managing any COVID-19 contagion that warrants release. Finally, Velasco has failed to demonstrate that release is appropriate in light of the § 3553(a) factors. The facts and circumstances of the offense of conviction, coupled with Velasco's history and characteristics show that Velasco is a danger to the community and thus, weighs heavily against release.

Velasco also asserts that he is entitled to early release due to his perceived Eighth Amendment violations. Such a claim in not cognizable in a motion for compassionate release. Accordingly,

**IT IS ORDERED** that Velasco's Motion for Compassionate Release is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 12th day of July, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**